**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Fantel,<br><br>                Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>                Defendant. | No. CV-22-01904-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Leave to Proceed *In Forma Pauperis* ("IFP") (Doc. 2). Pursuant to Rule 3.3 of the Local Rules of Civil Procedure, all actions sought to be filed IFP under 28 U.S.C. § 1915 must be accompanied by an affidavit of inability to pay costs or give security. LRCiv 3.3(a). The affidavit must consist of a declaration containing the following components:

(1) A statement as to current employment including the amount of wages or salary per month and the name and address of the current employer.

(2) A statement, if not currently employed, as to the date of last employment and the amount of wages or salary per month which was received.

(3) A statement as to any money received within the past twelve months from any of the following sources:

(A) Business, profession, or self-employment; (B) Rent payments, interest, or dividends; (C) Pensions, annuities, or life insurance payments; (D) Gifts or inheritances; and (E) Any other source. The statement shall include a description of each source of money and the amount of money received from each source during the past twelve

>    months.
>
> (4) A statement as to any cash in possession and as to any money in a financial institution, including checking, savings, and any other accounts. The statement shall include any money available to the declarant.
>
> (5) A statement as to any real estate, stocks, bonds, notes, automobiles, investments, or other valuable property (excluding ordinary household furnishings and clothing). The statement shall describe the property and state its approximate value.
>
> (6) A statement as to all persons who depend upon the declarant for support. The statement shall include the relationship of the dependents and the amount contributed toward their support.
>
> (7) A statement that, because of poverty, there is an inability to pay the costs of the proceeding or given security therefore, and the declarant's belief that the declarant is entitled to relief.

LRCiv 3.3(a)(1)–(7).

Plaintiff's handwritten affidavit only describes his income. (*See* Doc. 2). The Court finds it is unable to make a determination from the information provided and therefore will deny the current application with leave to refile. To refile an IFP Application that complies with Rule 3.3, Plaintiff is directed to complete the Court's template Form AO 239 "Application to Proceed in District Court Without Prepaying Fees or Costs" provided at https://www.azd.uscourts.gov/forms. Because the Court will not grant Plaintiff's request to proceed IFP at this time, the Court need not proceed to screen Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS ORDERED denying** the Application (Doc. 2), without prejudice. Plaintiff may refile a completed Application to Proceed in District Court Without Prepaying Fees or Costs or in the alternative pay the case opening fee on or before December 15, 2022.

**IT IS FURTHER ORDERED** that if Plaintiff does not refile a completed Application to Proceed in District Court Without Prepaying Fees or Costs or pay the case opening fee on or before December 15, 2022, the Clerk of Court shall terminate this action

on <u>December 16, 2022,</u> without prejudice and without further order of the Court.

Dated this 14th day of November, 2022.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge